JAMES S. BLACKBURN (SBN 169134)
(james.blackburn@aporter.com)
Arnold & Porter LLP
777 South Figueroa Street, Forty-Fourth Floor
Los Angeles, California  90017-5844
Telephone:  213.243.4000
Facsimile:  213.243.4199

Attorney for Pacific Handy Cutter, Inc.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| SPELLBOUND DEVELOPMENT GROUP, INC., a California Corporation,<br><br>Plaintiff,<br><br>v.<br><br>PACIFIC HANDY CUTTER, INC., a California corporation; FRONT LINE SALES, INC., a California corporation; and DOES 1 through 20,<br><br>Defendant. | Case No. SACV No. 09-00951 DOC (ANx)<br><br>**ANSWER OF PACIFIC HANDY CUTTER TO PLAINTIFF'S FIRST AMENDED COMPLAINT FOR PATENT INFRINGEMENT** |

Pacific Handy Cutter, Inc. ("PHC"), through counsel, answers the first amended complaint ("Complaint") of Spellbound Development Group ("Spellbound"), and sets forth affirmative and other defenses, and counterclaims, as follows:

1. PHC is without sufficient knowledge or information to admit or deny the assertions in paragraph 1 of the Complaint and accordingly denies them.

### PARTIES

2. PHC admits that Spellbound has a place of business at the address alleged, but is without sufficient knowledge or information to admit or deny the remaining assertions in paragraph 2 of the Complaint and accordingly denies them.

3. Paragraph 3 of the Complaint is admitted.

4. Paragraph 4 of the Complaint is admitted.

5. PHC is without sufficient knowledge or information to admit or deny the assertions in paragraph 5 of the Complaint and accordingly denies them; but, PHC notes that Local Rule 19–1 states that "[n]o complaint or petition shall be filed that includes more than ten (10) Doe or fictitiously named parties."

6. PHC is without sufficient knowledge or information to admit or deny the assertions in paragraph 5 of the Complaint and accordingly denies them; but, PHC notes that Local Rule 19–1 states that "[n]o complaint or petition shall be filed that includes more than ten (10) Doe or fictitiously named parties."

### JURISDICTION AND VENUE

7. Paragraph 7 of the Complaint is admitted.

8. Personal jurisdiction is admitted; but paragraph 8 of the Complaint is otherwise denied.

9. PHC is without sufficient knowledge or information to admit or deny the assertions in paragraph 9 of the Complaint and accordingly denies them.

10. Venue is admitted; but paragraph 10 of the Complaint is otherwise denied.

## THE PATENTS-IN-SUIT

11. PHC admits that the first page of the U.S. Patent No. 7,356,928 ("the '928 patent") indicates that it was issued on April 15, 2008, and is entitled "Utility Knife With Safety Guard Having Reduced Play." PHC admits that what purports to be a copy of the '928 patent was attached to the Complaint as Exhibit A. PHC denies that the '928 patent was duly and legally issued. PHC is otherwise without sufficient knowledge or information to admit or deny the assertions in paragraph 11 of the Complaint and accordingly denies them.

12. PHC admits that the first page of U.S. Patent No. 6,718,640 ("the '640 patent) indicates that it was issued on April 13, 2004, and is entitled "Cutting Tool." PHC admits that what purports to be a copy of the '640 patent was attached to the Complaint as Exhibit B. PHC denies that the '640 patent was duly and legally issued. PHC is otherwise without sufficient knowledge or information to admit or deny the assertions in paragraph 12 of the Complaint and accordingly denies them. The '928 patent and the '640 patent are herein collectively referred to as "the patents-in-suit."

13. Paragraph 13 of the Complaint is denied.

## COUNT ONE
## INFRINGEMENT OF THE '928 PATENT AGAINST ALL DEFENDANTS

14. Paragraph 14 of the Complaint incorporates other paragraphs of the Complaint, and PHC incorporates its response to those other paragraphs.

15. Paragraph 15 of the Complaint is denied.

16. Paragraph 16 of the Complaint is denied.

17. Paragraph 17 of the Complaint is denied.

18. Paragraph 18 of the Complaint is denied.

19. Paragraph 19 of the Complaint is denied.

20. PHC admits that it had actual notice of the existence of the '928 patent at least as of August 12, 2009. PHC is otherwise without sufficient knowledge or

information to admit or deny the assertions in paragraph 20 of the Complaint and accordingly denies them.

21. Paragraph 21 of the Complaint is denied with respect to PHC; but PHC is otherwise without sufficient knowledge or information to admit or deny the assertions in paragraph 20 of the Complaint and accordingly denies them.

22. PHC is without sufficient knowledge or information to admit or deny the assertions in paragraph 22 of the Complaint and accordingly denies them.

## COUNT TWO
## INFRINGEMENT OF THE '640 PATENT AGAINST ALL DEFENDANTS

23. Paragraph 23 of the Complaint incorporates other paragraphs of the Complaint, and PHC incorporates its response to those other paragraphs.

24. Paragraph 24 of the Complaint is denied.

25. Paragraph 25 of the Complaint is denied.

26. Paragraph 26 of the Complaint is denied.

27. Paragraph 27 of the Complaint is denied.

28. Paragraph 28 of the Complaint is denied.

29. It is admitted that PHC had actual notice of the existence of the '640 patent at least as of September 4, 2009; but PHC is otherwise without sufficient knowledge or information to admit or deny the assertions in paragraph 29 of the Complaint and accordingly denies them.

30. PHC is without sufficient knowledge or information to admit or deny the assertions in paragraph 30 of the Complaint and accordingly denies them.

31. Paragraph 31 of the Complaint is denied with respect to PHC; but PHC is otherwise without sufficient knowledge or information to admit or deny the assertions in paragraph 31 of the Complaint and accordingly denies them.

32. PHC is without sufficient knowledge or information to admit or deny the assertions in paragraph 32 of the Complaint and accordingly denies them

## PRAYER FOR RELIEF

33. PHC denies that Spellbound is entitled to be awarded any of the relief sought in its prayer for relief. PHC asks that judgment be entered for PHC and that this action be found to be an exceptional case entitling PHC to be awarded attorneys' fees and costs in defending against Spellbound's Complaint, together with such other and further relief the Court deems appropriate.

## AFFIRMATIVE AND OTHER DEFENSES

### First Affirmative Defense – Failure to State a Claim

34. The Complaint fails to state a claim upon which relief can be granted because PHC has not performed any act and is not proposing to perform any act in violation of any rights validly belonging to Spellbound.

### Second Affirmative Defense – Noninfringement

35. PHC does not infringe and has not infringed, either directly, contributorily, by inducement, or in any other manner, any claim of the patents-in-suit, either literally or under the doctrine of equivalents, willfully or otherwise.

### Third Affirmative Defense – Patent Invalidity

36. Spellbound's purported claims of infringement of the '928 patent and '640 patent are barred because each of the claims of the patents-in-suit is invalid for failure to comply with the conditions for patentability specified in Title 35, United States Code, particularly Sections 101, 102, 103 and 112.

### Fourth Affirmative Defense – Estoppel

37. PHC is estopped from asserting the patents-in-suit in such a way as may cover any of PHC's products or activity by reasons of the prior art, the disclosure of the patents-in-suit, and statements made to the United States Patent and Trademark ("USPTO") during the prosecution of the applications that led to the issuance of the patents-in-suit.

### Fifth Affirmative Defense

38. PHC reserves all affirmative defenses under Rule 8(c) of the Federal Rules of Civil Procedure and any other defenses, at law or equity, that may be

available now or that may become available in the future based upon any discovery or further investigation. These additional defenses may include, but are not limited to, defenses related to validity and enforceability.

## COUNTERCLAIMS

39.  Defendant/Counterclaim-Plaintiff PHC alleges in accordance with Federal Rules of Civil Procedure 13 and 20 the following Counterclaims against Plaintiff/Counterclaim-Defendant Spellbound as follows:

### Jurisdiction and Venue

40.  PHC is a corporation organized and existing under the laws of the State of California, with its principal place of business at 2968 Randolph Avenue, Costa Mesa, CA 92626.

41.  On information and belief, Spellbound alleges it is a corporation organized and existing under the laws of the State of California, and has its principal place of business at 16902 Millikan Avenue, Irvine, CA 92606.

42.  This Court has jurisdiction for these counterclaims for declaratory relief under the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, and under the patent laws of the United States, 35 U.S.C. §§ 101 *et seq.* This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a).

43.  An actual controversy exists between PHC and Spellbound regarding the validity, enforceability, infringement, and scope of the patents-in-suit and PHC's liability for alleged infringement thereof.

44.  To the extent that this action remains in this District, venue is appropriate because Spellbound has consented to the propriety of venue in this Court by filing its claim for patent infringement in this Court, in response to which these counterclaims are asserted.

## Count One – Declaration of Noninfringement

45.  PHC realleges and incorporates by reference the allegations set forth in Paragraphs 1–44 above as if fully set forth herein.

46.  Absent a declaration of noninfringement, Spellbound will continue to wrongfully assert the patents-in-suit against PHC, and thereby cause PHC irreparable injury and damage.

47.  PHC has not infringed the patents-in-suit, directly or indirectly, literally or under the doctrine of equivalents, willfully or otherwise, and desires and requests a declaration to that effect.

48.  This is an exceptional case entitling PHC to an award of its attorneys' fees and costs incurred in connection with this action pursuant to 35 U.S.C. § 285.

## Count Two – Declaration of Invalidity

49.  PHC realleges and incorporates by reference the allegations set forth in Paragraphs 1–48 above as if fully set forth herein.

50.  The patents-in-suit are invalid for failure to comply with one or more of the provisions of Title 35, United States Code, including, but not limited to Sections 101, 102, 103, and/or 112, and PHC desires and requests a declaration to that effect.

51. This is an exceptional case entitling PHC to an award of its attorneys' fees and costs incurred in connection with this action pursuant to 35 U.S.C. § 285.

### RELIEF

WHEREFORE, PHC prays:

A. That Spellbound's Complaint be dismissed with prejudice in its entirety and that Spellbound take nothing;

B. For a declaration of non-infringement and invalidity with respect to each of the patents-in-suit;

C. That PHC be awarded attorneys' fees, costs and expenses and such other relief as the Court deems just and proper.

Dated: January 15, 2010

ARNOLD & PORTER
JAMES S. BLACKBURN

By: *James Blackburn*
James S. Blackburn
Attorney for Pacific Handy Cutter