1  Robert Lauson, Esq. (SBN 175,486)
      bob@lauson.com
2  Edwin Tarver, Esq. (SBN 201,943)
      edwin@lauson.com
3  LAUSON & TARVER LLP
   880 Apollo Street, Suite 301
4  El Segundo, California 90245
   Tel. : 310-726-0892
5  Fax : 310-726-0893

6  Attorneys for Plaintiff,
   Spellbound Development Group, Inc.
7

8

9              **UNITED STATES DISTRICT COURT**

10       **CENTRAL DISTRICT OF CALIFORNIA, SOUTHERN DIVISION**

11

12 | SPELLBOUND DEVELOPMENT GROUP, INC., a California corporation, | **Civil Action No. SACV09-0951 DOC (ANx)** |
   |---|---|
   | Plaintiff, | **PLAINTIFF'S OPPOSITION TO DEFENDANTS' EX PARTE APPLICATION FOR AN ORDER (1) EXTENDING RESPONSE TIME; (2) CONTINUING THE HEARING; AND (3) ALLOWING A FULL EVIDENTIARY HEARING ON PLAINTIFF'S PRELIMINARY INJUUNCTION MOTION; DECLARATION OF ROBERT J. LAUSON** |
   | v. | |
   | PACIFIC HANDY CUTTER, INC., a California corporation; FRONT LINE SALES, INC., a California corporation; and DOES 1 through 20, | |
   | Defendants. | |

21                **I.   Introduction**

22    Defendants applied for an order extending time to respond to Plaintiff's

23 Preliminary Injunction Motion and requested a "full evidentiary hearing."  Since

24 Defendants cannot justify the postponement and unlimited hearing sought, and the

25

-1-
**OPPOSITION TO EX PARTE APPLICATION TO EXTEND TIME**

1 delay will prejudice Plaintiff and the hearing unduly burden everyone involved,
2 Plaintiff opposes the ex-parte application.

## II.   Background Facts

As this litigation goes on, Defendants continue causing Plaintiff Spellbound irreparable harm by selling products infringing its patents, resulting in price erosion, loss of market share, lost customers, etc.  To prevent the immediate escalation of sales through hardware giant Stanley Black & Decker ("Stanley") and greater irreparable harm potentially destroying Plaintiff's 18 year business, on July 19, 2010 Spellbound moved for a preliminary injunction against Defendants to enjoin them from selling the infringing articles until trial April, 2011 at the earliest. Plaintiff had repeatedly notified Defendants, well in advance of the motion, of its intention to seek such preliminary relief.

Defendants have responded by applying for a prolonged extension of time. During the proposed extension, which would last well over a month (45 days), Defendants state they intend to conduct redundant depositions to which they are not entitled, seek attorney-client protected opinions and work product regarding infringement, and wish to perform extensive "technical analysis" on what are, in fact, simply disposable box cutters with retracting blade guards for safety.  Since Defendants cannot show good cause to extend time, their ex-parte application should be DENIED.

/ / /

/ / /

/ / /

-2-
**OPPOSITION TO EX PARTE APPLICATION TO EXTEND TIME**

## II. The Applicable Legal Standard

While a party may move for an extension of time before the expiration of a relevant time period, time extensions must be ordered by the Court, and the burden to show good cause is on the party seeking the extension. *U.S. for Use and Benefit of DeLoss v. Kenner General Contractors, Inc.*, 764 F.2d 707 (9th Cir. 1985). Defendants have predicated their request on misrepresentations of the case-in-suit's complexity, and seeking to re-depose Plaintiff's witnesses. Since Defendants have no right to re-depose Plaintiff's witnesses, and since the case-in-suit is not unduly complex, among other reasons explored herein, Defendants have not shown good cause for a time extension.

## III. The Issues Are Not Complex and Plaintiff Will Prevail

The infringing products are not "rocket science." They are disposable box cutters with retractable blade covers for safety. In moving for a preliminary injunction, Plaintiff need not show positively it will prevail on the merits; a reasonable probability of success, not an overwhelming likelihood is all that need be shown for preliminary relief. *Gilder v. PGA Tour, Inc.*, 936 F2d 417, 422 (9th Cir. 1991); *Atchison, Topeka & Santa Fe Railway Co. v. Lennen*, 640 F2d 255, 261 (10th Cir. 1981).

Plaintiff Spellbound's moving papers for the preliminary injunction identify the manner in which Defendants' products infringe the patents-in-suit. For example, in those moving papers in the memorandum and claim chart I, Spellbound proved infringement of the Votolato '029 patent by the accused infringing Raze safety cutter product. Secondarily, Spellbound points out that Defendants "conceed" infringement in the sense that PHC provided zero

contentions as to how it does not infringe.  Instead its interrogatroy answer states only invalidity and/or enforceability contentions, which must be proven by clear-and-convincing evidence.

### IV. Defendants May Not Re-Depose Plaintiff

Plaintiff's full day deposition already occurred, and as such Defendants are not entitled to re-depose Plaintiff.  FRCP 30(a)(2)(A)(ii).  Spellbound, and Earl Votolato, its person most knowledgeable, were deposed by Defendants about irreparable harm among other subjects in early July.  See Lauson Decl., paras 2, 3, Exs. 1, 2.  Earl Votolato personally testified as to the numerous and varied ways in which Spellbound was being irreparably harmed.  See Lauson Decl., para. 4, Ex. 3.  The deposition of Fish & Associates regarding Spellbound's acquisition of the John '640 patent-in-suit is already scheduled for July 28th.  If anything noteworthy comes out of that deposition, the Court may allow Defendants to supplement their opposition.

Plaintiff's Claim Charts, and analyses regarding the likelihood of success on the merits were produced exclusively by Spellbound's patent attorneys, and as such information and documents related thereto are protected by the attorney-client and/or work product privileges.  Plaintiff's attorneys performed all technical analysis resulting in Claim Charts I-III, as well as the arguments showing infringement and rebutting Defendants' contentions regarding invalidity/unenforceability.  No technical experts have been engaged or used, so there are no persons to depose.  It is believed inappropriate to allow Defendants to depose Spellbound's undersigned counsel/Spellbound's undersigned counsel.

1   Defendants are attempting to cast an unreasonably overbroad net, seeking to
2   depose persons such as Peter Martens, Plaintiff's VP of sales, who has no technical
3   knowledge of the infringing articles, and thus no particular knowledge about
4   infringement.  Votolato, as the person most knowledgeable, has already testified
5   extensively as to the irreparable harm Spellbound is suffering.

### V.     Defendants' Reliance on eBay is Premature And Misplaced

Now is not the time to argue the effect of the U.S. Supreme Court's *eBay* decision as to whether or not a presumption of irreparable harm still exists where patents are infringed.  Plaintiff is not relying on a presumption of irreparable harm as it has provided ample evidence of irreparable harm in its moving papers for the preliminary injunction.  Any purported inaccurate facts or alleged misstatements of law can be addressed in Defendants' Opposition to Plaintiff's Preliminary Injunction Motion, and Plaintiff will Reply to same.

### VI.    Defendants' Ex Parte Papers Are In Error

Defendants erroneously state that Plaintiff misrepresents the factual record. Actually, Defendants' moving papers have it backwards, asserting the wrong answer to Plaintiff's *initial* Interrogatory No. 2.  See, Defs Ex-Parte App. at pages 3-5.  The actual text of Defendants initial response is:

> "PHC objects to this interrogatory on the grounds that *the RSC-432 has not as yet been compared to the claims of the Votolato patent* asserted in the Second Amended Complaint, US 7,726,029.  Investigation continues; PHC reserves its right to

-5-
**OPPOSITION TO EX PARTE APPLICATION TO EXTEND TIME**

>amend or supplement this answer if it obtains additional information."

Lauson Decl., para. 5, Ex. 4. [Emphasis Added]

What Defendants have referred to as their initial answer to Interrogatory No. 2 is in fact their *supplemental* response wherein they assert invalidity, but say nothing about non-infringement:

>"United States Patent No. 7,726,029 ("the '029 patent"), which issued on June 1, 2010, is not infringed by the RSC-432 because as explained in PHC's answer to Interrogatory No. 4, the '029 patent is invalid."

Id., para. 6, Ex. 5.

## VII.   A 45 Day Extension is Far Too Long.

Defendants claim they need a month and a half of additional time to address Plaintiff's preliminary injunction motion.  Defendants provide no reasonable basis for such a lengthy extension of time.  Defendants are not entitled to re-depose Plaintiff, the infringing articles are not technologically complex, and Plaintiff has shown irreparable harm and infringement analyses reflecting the likelihood it will prevail on the merits.  Defendants should not be allowed to freely supply Stanley infringing box cutters for 45 plus more days until the Court decides the preliminary injunction motion.

## VIII. Court Can Decide Later The Extent Of Any Evidentiary Hearing

The local rules govern haling declarants into Court to testify at motion hearings. Other than the undersigned attaching some interrogatory responses, for the preliminary injunction motion the only declarant for Spellbound was Earl Votolato. Defendants can request his presence to be cross-examined at least 14 days before the August 16th hearing. Defendants can enter direct testimony by declarations accompanying their opposition, and Spellbound will follow the same established local rules if it wishes to cross examine those witnesses. Defendants' suggestions that it would like to present direct testimony at the preliminary injunction hearing (see, ex-parte app., page 9, lines 14-16), basically have a mini-trial, are untenable. Once the matter is fully briefed, if Defendants believe they need more in the way of testimony, they can apply to the Court at that time.

## IX. Plaintiff Timely Sought Relief To Which It Was Entitled

Part of Defendants Application is dedicated toward characterizing Plaintiff as a bad faith actor, somehow strategically attempting to place Defendants at a disadvantage. See, Ex-Parte App. at page 8, lines 17-28. In fact, there was no particular plan in bringing this motion prior to the Court adding Stanley as a defendant. Moving to add Stanley and bringing the instant motion were both done as quickly as possible.

If Defendant Pacific Handy Cutter is enjoined, Stanley's supply will likely be cut off, helping Plaintiff avoid ongoing irreparable harm. Furthermore, Plaintiff expects Stanley will simply look to its supplier for a defense, and Defendants' attorneys will be defending Stanley as well. This is exactly what happened when

1  Front Line Sales, Pacific Handy Cutter's other distributor, was added to the
2  second-amended complaint.
3
4  **X.     Defendants Have Stated All Parties Shall Adhere To Deadlines**
5  Defendants were pleased with the Magistrate's June order, and opposed
6  Spellbound's motion that it be set aside.  Defendants' attorneys have repeatedly
7  said to the Court and Plaintiff "that the dates set by each party are to be adhered to .
8  . . " and "the parties will be expected to meet every date and deadline . . .." Lauson
9  Decl., para. 7, Ex. 6; Defs. Opp. to Plaintiff's Motion For Review of Magistrate's
10 June 11, 2010 Order at page 2, lines 22-26.  Defendants attorneys with 15 offices
11 worldwide have great capabilities to meet all deadlines.
12
13 **XI.    Conclusion**
14 In summary, Plaintiff continues to suffer irreparable harm from sales of
15 infringing box cutters by Defendants and its preliminary injunction motion
16 provided substantial evidence of irreparable harm, and likelihood of success on the
17 merits.  Defendants seek undue delay by depositions, primarily pertaining to
18 technical infringement issues, and who would even provide such testimony is
19 unclear.  Determining infringement is a scientific inquiry accomplished by
20 comparing the patent claims to the accused infringing product, and what any
21 witness thinks about it is irrelevant.  Other testimony sought would merely be a re-
22 hash of the Spellbound and Votolato depositions already held in which
23 Spellbound's irreparable harm was extensively addressed.  If Defendants want
24 more depositions they can notice them, and if anything materials is discovered they
25 can ask the Court to supplement their opposition, or if the injunction is already

-8-
**OPPOSITION TO EX PARTE APPLICATION TO EXTEND TIME**

entered they can ask the court to set it aside if wrongly entered. Defendants being the much better funded parties are employing a strategy to overwhelm and wear down Plaintiff with as much unnecessary discovery and litigation as possible. Recall the patented products are 70% of Plaintiffs' business, and in stark contrast the accused products just one of many products being sold by Defendants and a tiny part of their operations. This ex-parte application, lacking good cause, should be DENIED.

Dated: July 23, 2010

LAUSON & TARVER, LLP

By: _____
Edwin P. Tarver
Attorneys for Plaintiff

# DECLARATION OF ROBERT J. LAUSON

I, Robert J. Lauson, declare as follows:

1. I am an attorney admitted to practice in California and before this Court, representing Plaintiff Spellbound Development Group, Inc. I have personal knowledge of the facts as stated herein, if called as a witness I would and could competently testify thereto.

2. On June 25, 2010, our office received Defendants' Notice of Deposition of Spellbound Development Group, Inc. Said Deposition occurred on July 7, 2010, at which time Defendants deposed Plaintiff's person most knowledgeable, Earl Votolato. Attached hereto as Exhibit 1 is a true and correct copy of the Spellbound deposition notice.

3. On June 28, 2010, our office received Defendants' Notice of Deposition of Earl Votolato. Said Deposition occurred on July 8, 2010, at which time Defendants deposed Earl Votolato. Attached hereto as Exhibit 2 is a true and correct copy of the Earl Votolato deposition notice.

4. During the Spellbound deposition of Earl Votolato, Defendants deposed Earl Votolato as to Plaintiff's irreparable harm. Votolato testified as to the numerous ways in which Spellbound would suffer irreparable harm, including lost sales of patented products and complimentary products, loss of market share, price erosion, loss of goodwill and damage to reputation, loss of opportunity to remain the clear market leader, and loss of customers and business relationships.

1 Attached hereto as Exhibit 3 is a true and correct copy of Earl Votolato's
2 personally authored notes regarding irreparable harm, marked as Exhibit 2 in the
3 deposition and Exhibit H in Plaintiff's Motion for Preliminary Injunction. Upon
4 request, Defendants will submit to the Court copies of the rough transcripts for the
5 191 page and 244 page depositions of Spellbound and Votolato, respectively, so
6 the court can see the thorough examinations already conducted by Defendants'
7 attorneys.

9     5. In its first response to Plaintiff's first set of interrogatories,
10 Defendants asserted that their infringing device had not yet been compared to
11 Plaintiff's '029 patent. Attached hereto as Exhibit 4 is a true and correct copy of
12 Interrogatory Nos. 2, 4 and Defendants' answer thereto.

14     6. In its supplemental responses to the same interrogatories, Defendants
15 do not state any noninfringement contentions, and merely say the Votolato '029
16 patent is invalid. Attached hereto as Exhibit 5 are true and correct copies of those
17 supplement responses.

19 / / /

21 / / /

23 / / /

25 / / /

7. Defendants' lead attorney has repeated stated to the Court and me "that the parties will be expected to strictly meet every date and deadline," and "that the dates set by each party are to be adhered to." Attached as Exhibit 6 is a true and correct copy of a June 29, 2010 email from attorney Dickie to that effect.

I declare under penalty of perjury that the foregoing facts are true and correct, executed this _____ day of July, 2010 at El Segundo, California.

          /s/
—————————————
      Robert J. Lauson