# ** UNDER SEAL **

O

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

### CIVIL MINUTES – GENERAL

Case No. SACV 09-0951 DOC (ANx)                    Date:  July 3, 2012

Title: SPELLBOUND DEVELOPMENT GROUP INC. -V- PACIFIC HANDY CUTTER INC.,
    ET AL.

PRESENT:

### THE HONORABLE DAVID O. CARTER, JUDGE

Julie Barrera                                        N/A
Courtroom Clerk                                Court Reporter

ATTORNEYS PRESENT FOR PLAINTIFF:     ATTORNEYS PRESENT FOR DEFENDANT:

None Present                                  None Present

**PROCEEDINGS: (IN CHAMBERS):  [UNDER SEAL] ORDER DENYING**
**                                  DEFENDANTS' MOTION FOR RELIEF**
**                                  FROM ORDER OF DISMISSAL**

Before the Court is a Motion for Relief From Order of Dismissal (Dkt. 453) filed by Defendants Pacific Handy Cutter Inc. and Stanley Black & Decker, Inc. ("Defendants").  The Court finds these matters appropriate for decision without oral argument.  Fed R. Civ. P. 78; Local R. 7-15.  Because the parties are familiar with the facts of this case and the facts surrounding settlement, this Court does not recite them here.

**I.     Legal Standard**

**a.  Legal Standard under Rule 60(b)(1)**

Federal Rule of Civil Procedure 60(b)(1) provides for relief from judgment based on "mistake, inadvertence, surprise, or excusable neglect." Fed.R.Civ.P. 60(b)(6). Because Rule 60(b) is "remedial in nature" it "must be liberally applied." *Ahanchian v. Xenon Pictures, Inc.*, 624 F.3d 1253, 1262 (9th Cir. 2010).

**b.  Legal Standard for motion to dismiss based on settlement**

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. SACV 10-01392-DOC (RNBx)                     Date: July 19, 2011
                                                      Page 2

---

It is "well settled" that courts have "inherent power summarily to enforce a settlement agreement with respect to an action pending before it." *Dacanay v. Mendoza*, 573 F.2d 1075, 1078 (9th Cir. 1978). This authority to enter a judgment enforcing a settlement agreement "has as its foundation the policy favoring the amicable adjustment of disputes and the concomitant avoidance of costly and time consuming litigation." *Id.*

Because this Court sits in California, the "construction and enforcement of settlement agreements are governed by" California laws which "apply to interpretation of contracts generally." *United Commercial Ins. Serv., Inc. v. Paymaster Corp.*, 962 F.2d 853, 856 (9th Cir. 1992) ("The construction and enforcement of settlement agreements are governed by principles of local law which apply to interpretation of contracts generally. . . . This is true even though the underlying cause of action is federal.").

## II.    Discussion

### a.    The reading into the record of the terms of the settlement agreement demonstrates the formation of a settlement contract

Under California law, an "essential element of any contract" is the "consent of the parties." *Donovan v. RRL Corp.*, 26 Cal. 4th 261, 270-71 (2001); Cal. Civ.Code, § 1550. Where a party consents to the material terms of a settlement agreement that were read into the record, that party has entered into a binding settlement contract. *Doi v. Halekulani Corp.*, 276 F.3d 1131 (9th Cir. 2002) (applying Hawaii law to hold that party made binding agreement when she appeared with counsel in open court and replied "Yeah" to district court's question whether she agreed to the terms of settlement agreement, the material terms of which were read into the record).

Defendants contend that they and Plaintiff Spellbound Development Group Inc. ("Plaintiff") did not have a meeting of the minds on March 20, 2012, and thus the settlement agreement read into the record on that date was not a binding contract. Defendants contends that the lack of a meeting of the minds is shown by Plaintiff's adoption of an interpretation of a term in the settlement agreement that is contrary to Defendants' interpretation, a position that Plaintiff adopted several weeks *after* the settlement agreement was read into the record.

Defendants' argument fails as a matter of law because Defendants' lawyers consented on the record to the terms of the settlement agreement read into the record.

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. SACV 10-01392-DOC (RNBx)                    Date: July 19, 2011
                                                      Page 3

---

This case is remarkably similar to *Elyaoudayan v. Hoffman*, in which the court enforced a settlement agreement read into the record.  104 Cal. App. 4th 1421, 129 Cal. Rptr. 2d 41 (2003).  In *Elyaoudayan*, "[a]ll parties except [co-defendants] were present in court when the Settlement Agreement was stated on the record and all parties entered into the Agreement on the record; counsel for the [co-defendants] represented that he had authority to speak for his clients; that he had spoken to them and that they were in agreement with the Settlement." *Id.* at 1427.  The same thing happened here; a principal from all parties except Defendant Stanley/Black & Decker was present in the courtroom when the settlement was read into the record and all parties entered into an agreement on the record, with counsel for Stanley/Black & Decker confirming that "we have spoken with our contact at Stanley/Black & Decker and explained the terms, and they are agreeable to it."  Brown Decl. ¶ 14. Ex. F.  Thus, as in *Elyaoudayan*, the parties' consent on the record is ample proof that a settlement contract had been formed.

Furthermore, it is well-established that a contract exists if the parties "have agreed . . . upon the essential terms . . ., even though a formal instrument is to be prepared and signed later."  *Gavina v. Smith*, 25 Cal. 2d 501, 504, 154 P.2d 681, 682-83 (1944); *Mitchell v. Exhibition Foods, Inc.*, 184 Cal. App. 3d 1033, 1048, 229 Cal. Rptr. 535, 545 (1986) ("The fact that this contract was not formalized in a writing signed by both sides has no bearing on the existence or validity of that contract.").  For this reason, California courts and federal courts applying California law regularly enforce settlement agreements that contemplate the writing of a future, formal agreement, even if that formal agreement is never finalized.  *See, e.g.*, *Facebook, Inc. v. Pac. Nw. Software, Inc.*, 640 F.3d 1034, 1037-38 (9th Cir. 2011) (enforcing settlement agreement under California law); *Elyaoudayan*, 104 Cal. App. 4th at  1430.  Thus, to the extent that Defendants argue that Plaintiff's recalcitrance in formalizing the settlement agreement is a basis for holding that no agreement was created, Defendants' argument fails as a matter of law.

> **b.  The Court does not address whether Plaintiff has breached the settlement because Defendants have not demonstrated that an actual case and controversy exists between them and Plaintiff**

In the May 17, 2012, hearing that offered a preview for the current dispute, this Court explained that this case was dismissed with prejudice based on the settlement agreement and outlined two alternative avenues for relief that a party could pursue if it felt that its opponent's position regarding the settlement agreement's interpretation was

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. SACV 10-01392-DOC (RNBx)                     Date: July 19, 2011
                                                      Page 4

---

causing harm.  The Court noted that the Court "can not make any additional rulings in
this case unless a party files a motion demonstrating a basis for reviving this case."  The
Court also explained that "[a]lternatively, if an actual case and controversy currently
exists between the parties, they may file another suit."

　　　In this Order, the Court has rejected Defendants' argument that no valid settlement
agreement exists and thus this Court will not revive this case.  However, this holding says
nothing about whether Plaintiff's purported interpretation of the settlement agreement is
correct, much less whether Plaintiff is in breach of the settlement agreement.  A decision
on that issue would require Defendants to first concede that a settlement agreement exists
and then to demonstrate that an actual case and controversy exists between them and
Plaintiff, for example, by showing that Plaintiff is in breach of the settlement agreement.

## IV.    Disposition

　　　For the reasons stated above, the Court DENIES Defendants' Motion for Relief
From Order of Dismissal (Dkt. 453).

　　　The Clerk shall serve this minute order on all parties to the action.

MINUTES FORM 11
CIVIL-GEN                                             Initials of Deputy Clerk: jcb